IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

NINA ABLE, BLAKE ANDERSON, KAREN BEATTY,
LAURA BELICKA, BRYAN BILLINGSLEY,
ANDREW BUSCHLE, JEAN CLARK, MARGARET DAVIS,
PAUL DEAN, RACHEL DePART, CHRISTIAN ESPIET,
CONOR FORREST, PAUL GONICBERG, JAMES GREEVES,
DOUGLAS IRVINE, YAVUZ KARAGOZ,
MICHAEL KELLY, KARL KRIBBS, RONALD KRIBBS,
KURT LENEGMANN, BERTRUM MARSHALL, OMAR MEJIA,
HANS MILLER, JASON MOHAMMED, MICHAEL MORRISSEY,
MARIA QUASIUS, DAVID ROSS, WILLIAM ROVERSI,
ANDRES SANCHEZ, MARCO SCOLA, VIVIENNE SINKOW,
GARY SLOSS, GEORGE SMITH, BARBARA STEWART,
RANDOLPH WIGGINS, AND LANA ZEIGLER

2:16CV-316-FtM-38Men

   Plaintiffs,

vs.           CASE NO.: 16-CA-001116

VOLKSWAGEN GROUP OF AMERICA, INC.

   Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, the Plaintiffs, NINA ABLE, BLAKE ANDERSON, KAREN BEATTY,

LAURA BELICKA, BRYAN BILLINGSLEY, ANDREW BUSCHLE, JEAN CLARK,

MARGARET DAVIS, PAUL DEAN, RACHEL DePART, CHRISTIAN ESPIET, CONOR

FORREST, PAUL GONICBERG, JAMES GREEVES, DOUGLAS IRVINE, YAVUZ

KARAGOZ, MICHAEL KELLY, KARL KRIBBS, RONALD KRIBBS, KURT LENEGMANN,

BERTRUM MARSHALL, OMAR MEJIA, HANS MILLER, JASON MOHAMMED,

MICHAEL MORRISSEY, MARIA QUASIUS, DAVID ROSS, WILLIAM ROVERSI, ANDRES

SANCHEZ, MARCO SCOLA, VIVIENNE SINKOW, GARY SLOSS, GEORGE SMITH,

1

BARBARA STEWART, RANDOLPH WIGGINS, AND LANA ZEIGLER, hereinafter "Plaintiffs" by and through their undersigned counsel and hereby sue Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. (hereinafter "Defendant" or "VOLKSWAGEN"), and allege as follows:

### Jurisdiction, Parties, and Venue

1. Plaintiffs at all times material hereto, are sui juris, over the age of eighteen (18) years, and residents and citizens of and domiciled in Lee County, Florida.

2. The Defendant is a corporation doing business in the State of Florida and is organized under the laws of New Jersey, with its principal place of business in Virginia.

3. At all times material hereto Volkswagen manufactured, distributed, sold, leased and warranted vehicles throughout all 50 states and the District of Columbia where it does business.

4. This court has personal jurisdiction over the Defendant because it conducts business in Florida and has sufficient minimum contacts with Florida.

### FACTS

5. Defendant VOLKSWAGEN manufactures cars that are marketed as eco-friendly, green, and environmentally conscious.

6. VOLKSWAGEN's diesel cars are advertised as low emission and fuel-efficient cars that are environmentally friendly, which consumers pay a premium for, also called "CleanDiesel".

7. On September 18, 2015 the EPA issued a Notice of Violation, which outlines that the Defendant has installed some sophisticated software in the Volkswagen and Audi diesel vehicles sold by the Defendant in the United States that detects when the vehicle is

2

undergoing official emissions testing. When it is undergoing testing, full emission controls are engaged. At all other times that the vehicle is in use, the emissions controls are deactivated, allowing pollution to be released into the environment exceeding the levels permitted by federal and state clean air regulations.

8. This sophisticated software is known as a "defeat device" and was implemented intentionally and without disclosure to any of the purchasers or lessees.

9. The following vehicles and model years have defeat devices: model year 2009-2015 VW Jetta, Model year 2009-2015 Beetle, Model year 2009-2015 VW Golf, Model year 2014-2015 Passat, and Model year 2009-2015 Audi A3.

10. VOLKSWAGEN programmed the computers within these vehicles with defeat devices, which detect when the cars are undergoing emission testing and then has the car operating at a level that ensures the missions comply with the EPA standards.

11. When the car is not undergoing emissions testing, in other words when it is operating in its day to day use, then the software allows the engine to operate the vehicle in such a way that is not compliant with EPA emissions requirements thus being able to obtain the great gas mileage as advertised by the Defendant.

12. Outside of a testing scenario, the software allows the vehicles to emit nitrogen oxides at up to 40 times the maximum level allowed by EPA regulations.

13. The Clean Air Act has emissions standards for vehicles and it requires manufactures to certify to the EPA that the vehicles sold in the United States meet their emissions standards to control air pollution.

14. Vehicles that contain defeat devices cannot be certified as they do not meet the emissions standards.

3

15. VOLKSWAGEN charges a premium for the vehicles, which are marketed as "green", fuel-efficient, and CleanDiesel.

16. Plaintiffs purchased and/or leased and took delivery of Volkswagen clean diesel vehicles. The vehicles were purchased because they wanted green, environmentally friendly cars with great gas mileage, which is what VOLKSWAGEN was advertising their vehicles to be.

**COUNT I: MISLEADING ADVERTISING PROHIBITED UNDER FL. STAT. § 817.41**

17. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

18. The Defendant made a false and/or misleading statement of fact in a commercial advertisement about a product; specifically, false statements were made about its vehicles and their fuel efficiency and emissions standards.

19. The Defendant knew or should have known of the falsity of the statements.

20. The statement deceived the Plaintiffs.

21. The deception is material as it influenced Plaintiffs' decision when deciding which car to purchase and ultimately led them to purchase and/or lease and take delivery of a "Clean Diesel" Volkswagen vehicle.

22. VOLKSWAGEN's false and misleading advertising statements and omissions violate Florida Statute Section 817.41.

23. The Plaintiffs have been injured as a result of the false and/or misleading statements.

24. Pursuant to FL. Stat. § 817.41, Plaintiffs are further entitled to recover from Defendant actual and punitive damages sustained by Plaintiffs as well as costs and Attorney's fees, a result of Defendant's acts in violation of FL. Stat. § 817.41.

4

## COUNT II: BREACH OF CONTRACT

25.  Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

26.  VOLKSWAGEN's failure to disclose the existence of its "defeat device" after advertising the subject vehicles as green and fuel efficient caused the Plaintiffs to purchase and/or lease the subject vehicles.

27.  The sale of the subject vehicles is a contract between VOLKSWAGEN and the purchaser.

28.  VOLKSWAGEN breached this contract by selling a vehicle with a defeat device to Plaintiffs and by failing to disclose the existence of said device.

29.  Each defeat device made the vehicles less valuable, and non-compliant with emissions standards as compared to vehicles that were not equipped with CleanDiesel engine systems and defeat devices.

30.  Plaintiffs did not receive the benefit of the bargain.

31.  As a direct and proximate result of VOLKSWAGEN'S breach of contract, the Plaintiffs have been harmed and damaged in an amount to be proven at trial, which includes but is not limited to compensatory damages, incidental and consequential damages, and all other such damages as allowed by law.

## COUNT III: BREACH OF EXPRESS WARRANTY

32.  Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

33.  Defendant has made numerous representations and advertisements to Plaintiffs regarding the performance and emissions of its subject diesel vehicle.

34.   Defendant knew or should have known that the representations and advertisements were false.  Defendant was aware of the fact that it had installed a defeat device in the vehicles that were sold to Plaintiffs.

35.   Plaintiffs reasonably relied on VOLKSWAGEN'S representations in purchasing a clean diesel vehicle that was environmentally friendly and had excellent gas mileage.

36.   We know now that this vehicle did not perform as warranted.  In fact this vehicle contained a device that caused its' emissions to be worse than advertised and warranted and operating in a defective manner.

37.   VOLKSWAGEN breached its express warranty by providing a product that contained a defect, specifically the defeat device, which was never disclosed to the Plaintiffs.

38.   As a direct and proximate result of VOLKSWAGEN'S false and misleading representations and warranties, Plaintiffs have suffered damages and seek relief from this Court as more fully set forth below.

### COUNT IV: FRAUD

39.   Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

40.   Defendant accepted money in turn for the vehicles that were sold to Plaintiffs. That sale constituted a false representation.

41.   Defendant knew that it was not selling the car as advertised to Plaintiffs, that a cheat device had been installed, Defendant made the representation without knowledge of its truth or falsity, or Defendant made the representations under circumstances in which Defendant ought to have known of the falsity.

42.·   Defendant's representation that the payments would be applied to the loan were made to induce Plaintiffs to keep making payments to Defendant and did so induce the Plaintiffs to keep making payments.

43.   Plaintiffs justifiably relied upon Defendant's representations to his detriment and as a result suffered loss, injury, or damage.  Plaintiffs will continue to suffer losses in the future.

44.   Plaintiffs were injured by paying on their car payment, for a vehicle that did not perform as warranted, and was not the same vehicle as advertised. Specifically, they purchased vehicles with defeat devices that were never disclosed to the Plaintiffs.

45.   Money was taken from the Plaintiffs by the Defendant under the guise of a legal, clean diesel vehicle, with excellent gas mileage and no mention whatsoever of a defeat device, despite the Defendant having knowledge of same.

WHEREFORE Plaintiffs demand judgment against Defendant for any and all damages allowed by law, interest, costs, and demand a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, requests this Honorable Court to award the following relief:

a)   A judgment under Count I and awarding Attorney's fees and costs pursuant to FL. Stat. § 817.41;

b)   A judgment under Count II against the Defendant and in favor of the Plaintiff, awarding damages, together with prejudgment interest thereon, and all interest due under Florida law, Attorney's fees, and costs;

c)   A judgment under Count III against the Defendant and in favor of the Plaintiff, awarding damages, together with prejudgment interest thereon, and all interest due under Florida law, Attorney's fees and costs; and

d)   A judgment under Count IV against the Defendant and in favor of the Plaintiff, awarding damages, together with prejudgment interest thereon, and all interest due under Florida law, Attorney's fees, and costs; and

e)      Such other relief as the Court deems fair and reasonable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims asserted herein.

Dated this 30th day of March 2016.

**VILES & BECKMAN, LLC**
Attorneys for Plaintiff
6350 Presidential Court, Suite A
Fort Myers, Florida  33919
Telephone:  239-334-3933
Facsimile:  239-334-7105
Email: Maria@vilesandbeckman.com
Secondary: Heidi@vilesandbeckman.com

By:      */s/Maria R. Alaimo*
Maria R. Alaimo, Esquire
Florida Bar Number: 103870

8